# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MELISSA J. QUALLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-09-922-M |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner) denying her application for disability insurance benefits. Pursuant to an order entered by Chief United States District Vicki Miles-LaGrange, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Commissioner has answered and filed the administrative record (hereinafter Tr. ____). Both parties have briefed their respective positions and thus the matter is at issue. For the reasons stated herein, it is recommended that the decision of the Commissioner be affirmed.

## I. PROCEDURAL HISTORY

Plaintiff filed her application for disability insurance benefits on August 30, 2006, with a protective filing date of August 11, 2006, alleging that she became disabled as of

March 22, 2004, due to multiple sclerosis, severe migraines, and depression. Tr. 104, 121, 125. The application was denied on initial consideration and on reconsideration at the administrative level. Tr. 54, 55, 58-61, 64-66. Pursuant to Plaintiff's request, a hearing was held before an administrative law judge on November 18, 2008. Tr. 22-53, 67. Plaintiff appeared in person with her non-attorney representative, and she offered testimony in support of her application. Tr. 24, 30-47. A vocational expert also testified at the request of the administrative law judge. Tr. 47-51, 97-101. The administrative law judge issued his decision on February 11, 2009, finding that Plaintiff was not disabled within the meaning of the Social Security Act and that she was thus not entitled to disability insurance benefits. Tr. 8-10, 11-21. By order dated June 24, 2009, the Appeals Council denied Plaintiff's request for review, and thus, the decision of the administrative law judge became the final decision of the Commissioner. Tr. 1-3.

## II. STANDARD OF REVIEW

The Tenth Circuit Court of Appeals has summarized the applicable standard of review as follows:

> [W]e[1] independently determine whether the [administrative law judge's] decision is "free from legal error and supported by substantial evidence." Although we will "not reweigh the evidence or retry the case," we "meticulously examine the record as a whole, including anything that may

---

[1] Although the Tenth Circuit Court of Appeals was discussing its own standard of review, the same standard applies to the federal district court's appellate review of social security cases. Hamilton v. Secretary of Health & Human Services, 961 F.2d 1495, 1502 n. 1 (10th Cir. 1992) ("as the second-tier appellate court, a circuit court does apply the same standard of review as the district court-the standard applicable to appellate review of individual social security cases.")

2

> undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met."
>
> "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." Our determination of whether the [administrative law judge's] ruling is supported by substantial evidence "must be based upon the record taken as a whole." Consequently, we remain mindful that "[e]vidence is not substantial if it is overwhelmed by other evidence in the record."

Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted).

To determine whether a claimant is disabled, the Commissioner employs a five-step sequential evaluation process:

> Step one requires the agency to determine whether a claimant is "presently engaged in substantial gainful activity." If not, the agency proceeds to consider, at step two, whether a claimant has "a medically severe impairment or impairments." An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities. At step three, the [administrative law judge] considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation." If a claimant's impairments are not equivalent to a listed impairment, the [administrative law judge] must consider, at step four, whether a claimant's impairments prevent her from performing her past relevant work. Even if a claimant is so impaired, the agency considers, at step five, whether she possesses the sufficient residual functional capability to perform other work in the national economy.

Wall, 561 F.3d at 1052 (citations omitted). The claimant bears the burden to establish a prima facie case of disability at steps one through four. Williams v. Bowen, 844 F.2d 748, 751 & n.2 (10th Cir. 1988). If the claimant successfully carries this burden, the burden shifts to the Commissioner at step five to show that the claimant retains sufficient residual functional capacity to perform work in the national economy given the claimant's age,

3

education, and work experience. Id. at 751.

**III. DECISION OF THE ADMINISTRATIVE LAW JUDGE**

In determining that Plaintiff was not disabled, the administrative law judge followed the sequential evaluation process set forth in 20 C.F.R. § 404.1520. Tr. 11-13. He first found that Plaintiff had not engaged in substantial gainful activity since the onset date of March 22, 2004, through the last date insured, December 31, 2008. Tr. 13. At steps two and three, the administrative law judge found that Plaintiff suffered from multiple sclerosis (MS) and migraine headaches, and found that these disorders were severe, but he also found that they were not severe enough to meet or equal one of the impairments listed in 20 C.F.R. Part 404, Appendix 1, Subpart P, Social Security Regulations, No. 4. Tr. 13-15. The administrative law judge also found that Plaintiff suffered from the non-severe impairment of depression. Tr. 14. The administrative law judge next found that Plaintiff had the residual functional capacity to perform a full range of light work. Tr. 15. The administrative law judge found at step four of the sequential evaluation process that Plaintiff could perform her past relevant work of customer service representative, cashier/sales clerk, and stocker. Tr. 19. Alternatively, the administrative law judge found at step five that there was other work Plaintiff could perform that exists in significant numbers in the national economy such as stock clerk, light office cleaner, light food service worker, sit order clerk, and sit assembly worker. Tr. 20. Accordingly, the administrative law judge found that Plaintiff was not disabled and was not entitled to disability insurance benefits. Tr. 21.

## IV. DISCUSSION

Plaintiff essentially raises two issues on appeal. First, she claims that the administrative law judge failed to perform a "proper determination" at steps 4 and 5 of the sequential evaluation process. Plaintiff's Opening Brief, 2. Second, she claims that the administrative law judge's credibility determination was improper. Plaintiff's Opening Brief, 4.

### A. ERRORS AT STEPS FOUR AND FIVE

Under this broad category, Plaintiff alleges two errors. She alleges that the hypothetical posed to the vocational expert contained no "specific limitations for any of the physical demands" of work in the exertional category adopted as the residual functional capacity (RFC). Plaintiff's Opening Brief, p. 2. She claims that the RFC is a "function by function" assessment, and the incomplete hypothetical left the vocational expert to guess as to the limitations the administrative law judge wished to apply. Id. The Commissioner responds that substantial evidence supports the step four and five findings and that hypothetical questions need only reflect impairments and limitations borne out by the evidentiary record. Commissioner's Brief, 10-13.

In this case, the administrative law judge found that Plaintiff was capable of performing a full range of light work. Tr. 15. In his hypothetical to the vocational expert, the administrative law judge asked her to consider a "full range of medium, full range of light, and full range of sedentary" work. Tr. 48. The administrative law judge asked the vocational expert if she was familiar with the "elements of medium, light, and sedentary

work activity," and she stated that she was and needed no further explanation. Id. Plaintiff's claim that the hypothetical was incomplete because it did not list the individual elements of the exertional categories is not compelling in light of the fact that the vocational expert was asked to consider Plaintiff capable of a full range of work under each category and stated that she understood those specific requirements – she was not left to "guess" as to the limitations as Plaintiff argues. Moreover, for the following reasons the undersigned finds the administrative law judge's RFC finding at step four to be proper, making any error in the hypothetical to the vocational expert non-determinative.

The second aspect of Plaintiff's first claim of error – that the full range of light work was an improper RFC finding in light of her MS and migraine headaches – is a closer question. Plaintiff's Opening Brief, 2. She claims that the administrative law judge failed to consider all of her impairments throughout the sequential process as is required. Id. She claims that it was improper for the administrative law judge not to assign any limitations related to her migraine headaches or MS which he found to be severe at step two. Id. at 3. She claims that the administrative law judge failed to consider the episodic and cyclical nature of her MS, the fact that it is progressive and incurable disease, and that it causes her visual and balance problems. Id. at 3.

The Commissioner replies that the administrative law judge did consider all of Plaintiff's impairments in arriving at the RFC finding. Commissioner's Brief, 11. He contends that this is demonstrated by the administrative law judge's discussion of Plaintiff's severe impairments throughout his residual functional capacity analysis. Id.

It appears that the Commissioner may have missed the gist of Plaintiff's argument. While it might be true that the administrative law judge discussed her severe impairments in the explanation following his RFC finding, Plaintiff argues there is a basic inconsistency in finding an impairment to be severe at step two, yet failing to include any work-related limitations related to that impairment in the step four RFC finding. Indeed, in finding Plaintiff's migraine headaches and MS to be severe, the administrative law judge specifically stated that they "cause *significant work-related limitation of function*." Tr. 13 (emphasis added). He also found that her "medically determinable impairments could reasonably be expected to cause the alleged symptoms." Tr. 16. Yet, he also found that "claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment" in which the administrative law judge found only exertional limitations. Tr. 16.

The step-two showing is a de minimis showing that considers only the claimant's impairments and evaluates "the impact the impairment would have on [her] ability to work." Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir.1997). See also Social Security Ruling 96-3p, 1996 WL 374181 at * 1 ("The evaluation of whether an impairment(s) is 'severe' that is done at step 2 of the applicable sequential evaluation process ... requires an assessment of the functionally limiting effects of an impairment(s) on an individual's ability to do basic work activities...."). "A claim may be denied at step two only if the evidence shows that the individual's impairments, when considered in combination, are not medically severe, i.e., do not have more than a minimal effect on the person's "physical or mental ability(ies) to

7

perform basic work activities." Social Security Ruling 85-28, 1985 WL 56856 at *3. "If such a finding is not clearly established by medical evidence, however, adjudication must continue through the sequential evaluation process." Id.

Because the administrative law judge found that Plaintiff was capable of performing a full range of light work, and assigned *no* other limitations, Plaintiff urges that he contradicted his previous finding of severity at step two. See Givens v. Astrue, No. 07-5021, 251 Fed. Appx. 561, 566-67 (10th Cir. Oct. 18, 2007)[2]; Hargis v. Sullivan, 945 F.2d 1482, 1488 (10th Cir.1991) ("[O]nce a mental impairment is considered to be severe, it must be included in the residual functional capacity assessment...."). The undersigned finds these authorities to be distinguishable from the facts herein.

In Givens, the Tenth Circuit found the administrative law judge's finding at step two that the claimant's mental impairment was severe to be inconsistent with his failure "to consider or include" any mental impairment in the RFC assessment. Givens, 251 Fed.Appx. at 567. In Hargis, the Tenth Circuit stated that the "pertinent findings and conclusions" based on evaluation of the claimant's mental impairments must be incorporated into each adjudicative level and that once a mental impairment is considered to be severe, it must be included in the residual functional capacity assessment. Hargis, 845 F. 2d at 1488.

The fact that both of these cases involved severe mental impairments is an important distinction for two reasons. First, there is a special technique that applies to an administrative

---

[2]This and any other unpublished dispositions are cited as persuasive authority pursuant to Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

law judge's consideration of mental impairments. See 20 C.F.R. §404.1520a. That technique results in specific findings regarding the limitations resulting from a claimant's mental impairment, and a mental impairment is generally not severe unless there are at least marked limitations in two of four categories. Id. Second, the limitations stemming from a severe mental impairment are largely nonexertional by nature. Social Security Ruling 85-15, 1985 WL 56857,at *2; Social Security Ruling 83-17, 1983 WL 31246, at *3 ("when a severe mental impairment has been otherwise demonstrated by medically acceptable techniques, the symptoms may play an important role in determining the work-related consequences of the impairment, i.e., the degree to which they may limit activities, interests, and ability to relate to others, as well as result in deterioration of personal habits."). Thus, an RFC assessment following a finding of a severe mental impairment would logically include some nonexertional limitations in addition to any exertional limitations. Indeed, the Tenth Circuit Court of Appeals reversed the decision in Givens[3] because there was no apparent consideration of the effects of that claimant's severe mental impairment in the RFC assessment. Givens, 251 Fed.Appx. at 568. Likewise, in Hargis, the Court found the Commissioner's conclusion that the claimant could perform the full range of sedentary work was not supported by substantial evidence because he did not present claimant's mental impairment to the vocational expert. Hargis, 945 F.2d at 1492.

---

[3]In that case, the administrative law judge's finding of severity was found to be inconsistent with his own psychiatric review technique. Givens, 251 Fed. Appx. at 567. In turn, the Court noted that the psychiatric review technique findings were themselves inconsistent with the medical record. Id.

9

In this case, the administrative law judge specifically found that Plaintiff's depression was non-severe. Tr. 15. Thus, <u>Givens</u> and <u>Hargis</u> do not foreclose the possibility that an administrative law judge could properly conclude that the only limitations stemming from Plaintiff's MS and her migraine headaches were exertional. Moreover, unlike <u>Givens</u>, the administrative law judge here did specifically consider the alleged limitations stemming from both Plaintiff's MS and her migraine headaches, <u>see</u> Tr. 17-19, and gave good reasons for his RFC assessment. <u>Id.</u> For example, he noted Dr. Vaidya's essentially normal findings during his first neurological examination of Plaintiff, and that Plaintiff had only seen Dr. Vaidya a total of six times in the years 2006-2008. Tr. 17. He noted that Dr. Vaidya's progress notes reflect that Plaintiff's MS was stable. Tr. 17. He also noted the findings of consultative examiner Dr. Ghormley, including full range of motion of the bones and joints; unremarkable upper extremities; well-preserved fine movement; full grip strength; "perfectly safe, stable and of normal speed" gait. Tr. 17-18. He noted that Plaintiff takes medication for her migraines and that her treating physician advised her she would "just have to learn to deal," with them. Tr. 18. After considering the medical evidence, the administrative law judge noted that Plaintiff's MS impairment has not advanced to the point that it prevented Plaintiff from performing daily activities. Tr. 18.

Plaintiff further contends that the RFC did not take into account her headaches, dizziness and vertigo, use of a cane, and blurred or double vision. Plaintiff's Opening Brief, 3-4. However, the administrative law judge did address these in the section explaining his RFC finding. Tr. 17-19. Thus, his finding that there were only exertional limitations

resulting from Plaintiff's impairments is both adequately explained and supported by substantial evidence. In reaching this conclusion, the undersigned notes Plaintiff's claim that MS is an incurable, progressive disease subject to remission and exacerbation. Plaintiff's Opening Brief, 3. Certainly this is true but as the administrative law judge found, Plaintiff's MS was stable during the relevant period and had not advanced to the point that she was unable to perform daily activities. Tr. 17-18. Further, the mere presence of MS is not determinative; instead, it is whether it causes limitations that prevent Plaintiff from working. Cf. McGill v. Chater, No. 94-6393, 1995 WL 230308 at *1 (10th Cir. Apr. 18, 1995) ("The question before us is not whether [claimant] has multiple sclerosis but whether [claimant] has a disability that prevents her from working."); Rudde v. Astrue, No. 07-5033, 253 Fed. Appx. 770, 773-74 (10th Cir. Nov. 6, 2007). No doctor has placed any exertional or nonexertional limitations on Plaintiff due to either her MS or her migraine headaches. In light of the foregoing, it is recommended that Plaintiff's first claim of error be denied.

### B. CREDIBILITY DETERMINATION

In her second claim of error, Plaintiff contends that the administrative law judge conducted an improper credibility analysis. She argues that he used the wrong standard in evaluating her daily activities, that his reference to "other factors" is too vague; and that he improperly relied on her limited daily activities, her demeanor at the hearing, and the weak medical evidence. Plaintiff's Opening Brief, 4-9. She also contends that introductory statements made by the administrative law judge at the hearing show his bias against her. Id. at 9.

The Commissioner responds that credibility determinations are entitled to particular deference and are generally binding. Commissioner's Brief, 14. He also contends that the administrative law judge did consider the appropriate factors in reaching his credibility finding. Commissioner's Brief, 14-15. He argues that the administrative law judge's reference to the incorrect legal standard with regard to Plaintiff's daily activities is not reversible error because he went on to properly consider her activities of daily living. Id. at 17-18. The Commissioner disagrees with Plaintiff's characterization of the decision as "boilerplate," arguing that it contains more than the conclusory, boilerplate language disfavored by the Tenth Circuit Court of Appeals. Id. at 17-18. He claims that the administrative law judge properly considered the relatively weak nature of the medical records. Id. at 18-19. Finally, he contends that the administrative law judge's "stray comments" during the hearing do not show bias against Plaintiff. Id. at 19-20.

"When the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work activities." Social Security Ruling 96-7p, 1996 WL 374186, at *1. Such credibility determinations are within the province of the finder of fact, and they will not be upset on appellate review when they are supported by substantial evidence. Diaz v. Secretary of Health and Human Services, 898 F.2d 774, 777 (10th Cir. 1990); Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). Some of the factors that may be considered in assessing a

claimant's credibility as to her subjective complaints include (1) her daily activities; (2) the location, duration, frequency, and intensity of her symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication she receives or has received for relief of symptoms; (5) treatment, other than medication, the claimant has received for relief of symptoms; and (6) any measures other than treatment the individual uses or has used to relieve symptoms. Social Security Ruling 96-7p, 1996 WL 374186, *3; 20 C.F.R. § 404.1529(c)(3); Kepler, 68 F.3d at 391; Luna v. Bowen, 834 F.2d 161, 164-66 (10th Cir. 1987). In assessing a claimant's credibility, an administrative law judge must state the evidence upon which he relies. Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). He is not, however, required to undertake a factor-by-factor analysis and discuss every piece of evidence in the record. Id.

With these standards in mind, the undersigned finds that the administrative law judge's credibility analysis was proper. First, the administrative law judge cited the proper standards and factors used to evaluate a claimant's credibility with regard to her subjective symptoms. Tr. 15. In finding Plaintiff's allegations less than credible, the administrative law judge's decision reflects that he considered the following: medical evidence reflecting the location, duration, frequency, and intensity of her symptoms; her non-frequent medical visits; the types and effectiveness of the medications she takes for her MS, migraines, and depression, the fact that her prescribed glasses help her double vision, and the safety and speed of her gait without an assistive device; and her daily activities. Tr. 17-19. With regard to the latter, the administrative law judge stated:

13

> After all, the claimant did testify that she was able to help care for her family, household chores, girl scouts, and sewing. She testified to memory problems but she stated that she was able to sew and use the computer which one would reasonable [sic] assumes, requires concentration and hand dexterity. Additionally, claimant testified that her treating physician, Dr. Vaidya wanted claimant to stop work yet there was no mention of work in any of Dr. Vaidya's notes indicating anything related to work. One would think that if the physician did not want their patient to work, it would have been noted in the patient's medical chart. Overall, the claimant's reported limited daily activities are considered to be outweighed by the other factors discussed in the decision.
>
> The evidence of record clearly shows the claimant has been diagnosed with MS; and claimant's testimony, under oath, that the reason she stopped working was due primarily to her inability to retain information as she has to write everything down. During her testimony, claimant did not appear to have any problem understanding the questions from the Administrative Law Judge nor claimant's representative. Claimant appeared to be able to respond appropriately to all questions and answered the questions in a logical manner without any difficulty. It would be reasonable to believe that claimant did not suffer from retention issues as disabling as presented.

Tr. 18-19. Although Plaintiff argues that minimal daily activities do not show an ability to work, the undersigned finds that the activities discussed by the administrative law judge are not so minimal as to render his credibility finding unsupported by substantial evidence. Cf Thompson v. Sullivan, 987 F.2d 1482, 1490 (10th Cir. 1993) (administrative law judge may not rely on minimal daily activities as substantial evidence that a claimant does not suffer disabling pain). In the portion of the decision regarding the non-severity of Plaintiff's depression, the administrative law judge specifically discussed her daily activities:

> [C]laimant reported she gets up; gets dressed; wakes her daughters; and gets them dressed for school. Claimant prepares breakfast, feeds the children and self. She takes her daughter to school and then comes home to work on cleaning the house. Prepares her youngest daughter lunch and then puts her down for a nap. Claimant will usually also take a nap. After nap, goes to pick

14

up other daughter from school. Prepares for dinner; cleans up kitchen; and then get the children ready for bed. Claimant then goes to bed to sleep. Claimant lists household chores of cleaning, laundry, and ironing that she is able to do.

...

Claimant can drive, ride in a car, and goes out alone. Claimant is able to shop in stores and use the computer for shopping for clothes, food, and things to make chores and housework easier. She shops once a week for a couple of hours. She is able to pay bills, count change, handle a savings account, and use a checkbook/money orders. She plays with the children and spends time with her family. She also attends church on a regular basis.[4] She does not need to be reminded to go places nor does she need anyone to accompany her.

Tr. 14. While any one of these activities may be minimal in and of itself, the combination of Plaintiff's activities is not.

Plaintiff also complains about the administrative law judge's reliance on his own observations regarding her ability to concentrate and retain information. Plaintiff's Opening Brief, 7-8; see Tr. 19. However, the undersigned finds the administrative law judge's observations at the hearing were relevant and properly considered. In a similar case, the Tenth Circuit stated:

> Although claimant accuses the [administrative law judge] of conducting a "sit and squirm" test at the time of claimant's hearing, the record indicates the [administrative law judge] fairly considered claimant's complaints of pain in relation to her behavior and demeanor at the hearing.
>
> > Claimant was observed closely during the hearing. She was articulate, had no observable difficulty in comprehending questions, paid close attention to the procedure, and no problems with concentration or memory were appreciated. She used her

---

[4]On her application, Plaintiff indicated that she attends church on a weekly basis. Tr. 144.

> hands often and without difficulty in expressing herself during the hearing, did not complain of pain or appear to be experiencing pain or discomfort. In fact, she appeared to be relaxed and comfortable throughout the hearing. Claimant did not exhibit any signs of difficulty or discomfort in walking, standing, sitting, or arising from a seated position. She stood erect, walked with a normal gait, and although she stated she used a cane at home, did not require an assistive device to ambulate at the hearing, and did not display an observable limp. At the conclusion of the hearing, claimant arose from her chair without hesitation or assistance and walked from the hearing room.
>
> The [administrative law judge's] observations were well-founded and comprised of the elements necessary to fully evaluate claimant's credibility. This, combined with the lack of objective medical evidence, supports the [administrative law judge's] conclusion that claimant's complaints of pain were not credible.

Galloway v. Sullivan, No. 90-5101, 1991 WL 52686 at *4-5 (10th Cir. Apr. 9, 1991).

Plaintiff also argues that the administrative law judge used the wrong standard in evaluating her daily activities when he stated that the "allegedly limited daily activities cannot be objectively verified with any reasonable degree of certainty." Tr. 18. However, a similar misstep has been held not to be reversible error where the context shows that the administrative law judge did not use the standard to make an adverse determination of credibility, but was only making a "common sense observation."

> Finally, Claimant suggests that the [administrative law judge] evaluated Claimant's credibility under an improper standard. She bases this argument on the [administrative law judge's] statement that "[Claimant's] allegedly limited daily activities cannot be objectively verified with any reasonable degree of certainty." The [administrative law judge], however, made this statement subsequent to, and thus in light of, his adverse determination of Claimant's credibility. The context of the [administrative law judge's] comment makes this distinction clear:

16

> The undersigned does not find the testimony of the claimant, that she is unable to sustain any full time work activities, to be fully credible. Although the claimant has described daily activities which are fairly limited, two factors weigh against considering these allegations to be strong evidence in favor of finding the claimant disabled. First, allegedly limited daily activities cannot be objectively verified with any reasonable degree of certainty. Secondly, even if the claimant's daily activities are truly as limited as alleged, it is difficult to attribute that degree of limitation to the claimant's medical condition, in view of other factors discussed in this decision.
>
> As shown above, the [administrative law judge's] statement that Claimant's daily limitations could not be "objectively verified with any reasonable degree of certainty" did not state a standard by which [he] made his adverse determination of Claimant's credibility. Rather, the ... statement was merely a common sense observation that the [administrative law judge] would not treat Claimant's testimony as "strong evidence" of her disability due to his prior determination that Claimant's testimony was not "fully credible." Claimant simply misconstrues the [administrative law judge's] comment in suggesting otherwise.

Wall v. Astrue, 561 F.3d 1048, 1069 -1070 (10th Cir. 2009) (citations omitted). Similarly here, the balance of the administrative law judge's discussion regarding the reasons he found her allegations of limited activities less than fully credible shows that his determination was not based on the referenced standard.

Finally, the undersigned finds no support for Plaintiff's claim that the administrative law judge was biased against her. In making this argument, Plaintiff relies on two remarks made by the administrative law judge at the hearing. Plaintiff's Opening Brief, 9-10. First, at the beginning of the hearing the administrative law judge noted the absence of any RFC by any of Plaintiff's treating physicians, and in reply, Plaintiff's representative commented

that "there's no doubt that she has MS. It's referred to continuously." Tr. 26-27. The administrative law judge responded that "Well, people - - some people have MS, and work for 20 years." Tr. 27. He continued:

> It's, it's not necessarily disabling as , as - - in the preliminary stages, and it can go along - - I'm very familiar with multiple - - with MS as far as the, the results of it and the stages of it. But I don't have the medical to even show me where we are along with it, or even the complete diagnosis of it, so - -

Tr. 27. Again, before the examination of the Plaintiff began, the administrative law judge commented on the dearth of medical evidence showing the limiting effects of Plaintiff's MS: "Quite frankly, on the medical I have right now, I'd send her back to work." Tr. 29.

The undersigned finds that these comments do not reflect any bias against Plaintiff. Indeed, in this nonadversarial proceeding, the administrative law judge was simply making his point that medical evidence regarding limitations – rather than a diagnosis of MS – was needed to show her inability to work. This is correct, and does not show a predisposition to find Plaintiff not disabled *regardless* of the medical evidence.

Due process requires an impartial decisionmaker in administrative adjudications. Harline v. Drug Enforcement Administration, 148 F.3d 1199, 1203 (10th Cir.1998). However, to state a due process claim that a judge was biased, it must be shown that actual bias existed, or that an appearance of bias created a conclusive presumption of actual bias. United States v. Lowe, 106 F.3d 1498, 1504 (10th Cir.1997). "[A]n administrative law judge enjoys a presumption of honesty and integrity, which is only rebutted by a showing of 'some substantial countervailing reason to conclude that a decisionmaker is actually biased with

respect to factual issues being adjudicated.'" Harline, 148 F.3d at 1204. "In the absence of such a showing, [administrative law judges] must be presumed to be persons 'of conscience and intellectual discipline, capable of judging a particular controversy fairly on the basis of its own circumstances.'" Id. (internal quotation omitted).

The referenced comments reflect the administrative law judge's concern about the dearth of medical evidence; he correctly stated that a diagnosis alone is not sufficient evidence of an inability to work, and emphasized the importance of evidence showing such an inability. This is not a substantial reason to conclude that the administrative law judge was biased against Plaintiff or her claim.

In light of the foregoing, the undersigned finds no error in the administrative law judge's credibility analysis and that his conclusions regarding her credibility are supported by substantial evidence. Accordingly, it is recommended that Plaintiff's second claim of error be rejected.

## **RECOMMENDATION**

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge, and the pleadings and briefs of the parties, the undersigned Magistrate Judge recommends that the final decision of the Commissioner of Social Security Administration be affirmed. The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by October 13, 2010, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate

Judge in the captioned matter.

**ENTERED this 23rd day of September, 2010.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE